```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
JONATHAN SMITH, TIFFANY FOSTER,    :
DORRIS HOLLIS, DEBBIE McCOY,       :
and CHUCK ZLATKIN,                 :
                                   :
              Plaintiffs,          :
                                   :
    - against -                    :       12 Civ. 2002 (PAC)
                                   :
NEW YORK METRO AREA POSTAL         :       OPINION & ORDER
UNION and CLARICE TORRENCE,        :
                                   :
              Defendants.          :
------------------------------------------------------ x
```

> USDC SNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: March 27, 2012

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs are members of Defendant New York Metro Area Postal Union (the "Union"). They seek a preliminary injunction, pursuant to the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411(a)(2) and 481(c): (1) requiring the Union to pay the cost of printing and mailing to its members an election campaign newsletter authorized by Plaintiffs; and (2) reinstating all Plaintiffs, except Jonathan Smith, to their former positions as officers with the Union. At the conclusion of a hearing held on March 26, 2012, the Court denied Plaintiffs' application for a preliminary injunction. The Court issues this Opinion to expand on its ruling.

The New York Metro Area Postal Union, an affiliate of the American Postal Workers Union, represents approximately 6,000 employees of the United States Postal Service. Plaintiffs are running on a slate ticket in the Union's mail ballot election against Defendant Clarice Torrence, President and Chief Executive Officer of the Union, and other incumbent officers. In mid-February 2012, less than two months before the Union election ballots were scheduled to be mailed on March 28, 2012, Defendants issued a newsletter, entitled the "Metro Minute Mail"

1

(the "Metro Minute"). Plaintiffs contend that the Newsletter is campaign literature, and that under 29 U.S.C. § 481(c), they are entitled to distribute an equivalent campaign piece at the Union's expense. Plaintiffs Tiffany Foster, Debby McCoy, Dorris Hollis, and Chuck Zlatkin also contend that in February 2012, Torrence improperly removed them from their official positions in the Union and replaced them with candidates on the incumbent ticket in order to gain an advantage during the upcoming election. Plaintiffs argue that their removal was a "scheme to suppress dissent," which would permit this Court to intervene under Section 101(a)(2) of the LMRDA, 29 U.S.C. § 411(a)(2).

A party seeking a preliminary injunction pursuant to Fed. R. Civ. P. 65 must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-406 (2d Cir. 2011). The party seeking the injunction "must show a 'clear' or 'substantial' likelihood of success where the injunction sought is mandatory—i.e., it will alter, rather than maintain, the status quo." Clear Channel Outdoor, Inc. v. City of New York, 608 F. Supp. 2d 477, 492 (S.D.N.Y. 2009) (quoting Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 24 (2d Cir. 2004).

Section 481(c) of the LMDRA provides, in pertinent part, that:

> whenever ... labor organizations or its [sic] officers authorize the distribution by mail or otherwise to members of campaign literature on behalf of any candidate or of the labor organization itself with reference to such election, similar distribution at the request of any other bona fide candidate shall be made by such labor organization and its officers, with equal treatment as to the expense of such distribution.

29 U.S.C. § 481(c). The parties do not dispute that Plaintiffs are bona fide candidates in the

upcoming Union election. The Metro Minute, however, is not "campaign literature" for purposes of § 481(c) as courts in this Circuit have construed the term.

In New Directions v. Seda, 867 F. Supp. 242 (S.D.N.Y. 1994), prior to a union election, the incumbent union president distributed campaign materials at the union's expense without allowing plaintiffs an equal opportunity to distribute their own election materials. 867 F. Supp. at 243. Plaintiffs sought an injunction for violations of § 481(c). In evaluating whether defendant's publication was campaign literature, the court considered "its overall timing, tone, content and context." Id. at 245. The court found that defendant's publication, an article entitled "New Directions at it Again," which appeared in the union's newsletter, violated § 481(c) because it was closely timed with the union's election and was overly political in tone. Id. The article "accus[ed] New Directions of 'electioneering' by criticizing the union's contract negotiations with the TA and creating 'an issue to run on later this year.'" Id. In addition, the defendant "derisively call[ed] New Directions 'political opportunists,' and counsel[ed] it to 'wait until the election to electioneer.'" Id. Since the defendant's article "repeatedly refer[red] to the upcoming elections," the Court found that it was therefore "conspicuously political in nature" for purposes of § 481(c). Id.

Similarly, in Guzman v. Local 32B-32J, Service Employees Int'l Union, AFL-CIO, 72 F.3d 260 (2d Cir. 1995), seven months prior to a scheduled election, the union mailed to its members a hard covered book containing a historical retrospective and praise of the incumbent board. 72 F.3d at 262. The book also discussed the upcoming election, in which plaintiff was an opposition candidate. Id. Although plaintiff was not mentioned by name, the book praised the actions of the incumbent president "and suggest[ed] that the Guzman slate was a puppet for employers." Id. The court found that the publication was campaign literature because it

"extoll[ed] [the incumbent president's] record in glowing terms and characterize[d] the plaintiffs as disruptive and 'frivolous.'"  Guzman v. Local 32B-32J, Service Employees Int'l Union, AFL-CIO, 151 F.3d 86, 91 (2d Cir. 1998) (affirming grant of preliminary injunction for violation of § 481(c)).

The Metro Minute bears none of the hallmarks of campaign literature that were present in New Directions and Guzman.  The publication is neither laudatory of the incumbent candidates nor is it derogatory of any opposition candidate.[1]  Indeed, there is no mention of Plaintiffs, nor is there any mention of any other union members in their capacity as candidates.  There are no pictures of the incumbent candidates, nor is there any discussion of party platforms.  Indeed, there is not even any mention of the election date, and no encouragement of going to the polls.  Instead, the Metro Minute is exactly what it purports to be—a membership newsletter recording recent and current events of interest to all members of the Union and all workers in the post office.  As the Metro Minute is not campaign literature on behalf of any candidate, there is no basis in law or fact for awarding Plaintiffs relief pursuant to 29 U.S.C. § 481(c).

Nor are Plaintiffs entitled to an injunction requiring Torrence to reinstate them to their official positions in the Union.  Section 411(a)(2) of the LMDA provides:

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to

---

[1] Plaintiffs' reliance on Bliss v. Holmes, 721 F.2d 156 (6th Cir. 1983) (per curiam), is misplaced.  In that case, the Third Circuit reversed the district court's denial of injunctive relief for a violation of § 481(c).  The court found that the union's newsletter "disclose[d] numerous pages devoted to laudatory articles about the incumbent president and numerous columns by both the incumbent president and vice president, the effect of which is to advance their candidacies."  Id. at 158.  In addition, three out of the seven pages in the issue were devoted to the incumbent candidates.  Id.  The court concluded that "this excessive publicity, not balanced by any publicity for other candidates, or even an announcement of their candidacies, constitutes the distribution of campaign literature for defendants . . . and distributed at the expense of the defendant union."  As discussed, the Metro Minute contains no such publicity or laudatory articles of the incumbent candidates.

> impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.

29 U.S.C. § 411(a)(2) (emphasis in original). As Defendants observe, and as this Court has recognized, Section 411(a)(2) "only protects union members against a loss of membership rights due to being unfairly disciplined by a union. It does not protect union members in their official capacity (as elected or appointed officials) from losing rights related to their official position." Schalk v. Trans. Workers Union of Am., AFL-CIO, No. 03 Civ. 8045 (PAC), 2007 WL 1310171, at *5 (S.D.N.Y. May 3, 2007). There is no evidence that Plaintiffs were disciplined in their capacity as members. Rather, the record shows that Torrence removed Plaintiffs in connection with the performance of their official duties. The Court will not interfere with the Union's internal affairs on the eve of an election, when Plaintiffs have adequate remedies under the Union's constitution, as well as through the Department of Labor. Accordingly, Plaintiffs' request for a preliminary injunction is denied.

Dated: New York, New York
       March 27, 2012

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge